NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES I. PECK IV, ESQ., : <br> : <br> Plaintiff, : <br> v. : <br> : <br> KENNETH JAMES DONOVAN, : <br> : <br> Defendant. : <br> : | CIVIL ACTION NO. 07-5500 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

Pending before this Court is Defendant Kenneth James Donovan's ("Donovan" or "Defendant") motion for summary judgment on Count One and Two of the complaint. Plaintiff James I. Peck IV, Esq. ("Plaintiff" or "Peck") has submitted opposition. Having considered the briefs, the Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Donovan's motion is DENIED.

**I.      Facts**

The facts of this case are straightforward and fully set forth in this Court's opinion dated March 30, 2009 ("March 30th Opinion") denying Defendant's motion for summary judgment. As such, the Court will not repeat them here.

**II.     Standard of Review**

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. See Celotex, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

### III. Analysis

#### A. Counts 1 and 2 – Breach of Contract[1]

As stated in the March 30th Opinion, for Donovan to prevail on a motion for summary judgment with respect to Count One and Two, the Court must find that no issue of material fact exists both as to (1) the date on which litigation concluded for purposes of the Retainer Agreement; and (2) the date on which Donovan allegedly breached the Retainer Agreement by refusing to pay the monies owed.

---

[1] As stated in the March 30th Opinion, the Court interprets Counts 1 and 2 as asserting the same breach of contract claim.

2

1.  **The date on which litigation concluded.**

With respect to the date on which litigation concluded for purposes of the Retainer Agreement, on March 30th this Court held that the Retainer Agreement itself is ambiguous as to the meaning of "the conclusion of litigation" and, as such it could not find an absence of material fact. Here, Defendant simply reiterates the exact same arguments that it he mustered in support of his prior motion. Specifically, Defendant argues that when read in concert, the Complaint, the Retainer Agreement, December 14th letter serve as incontrovertible evidence that the "conclusion of litigation" could not have encompassed a full appeals period.

The Court finds that the Complaint, Retainer Agreement, and December 14, 2000 letter are all pieces of evidence that Donovan could use to press his case to a jury. However, issues of intent and contract interpretation, when arising out of an ambiguous provision such as this one, are not amenable to determination on summary judgment. "Although the construction of a written contract is usually a matter for the court, where its meaning is 'uncertain or ambiguous and depends upon parol evidence admitted in aid of interpretation, the meaning of the doubtful provision should be left to the jury." Garden State Bldgs., L.P. v. First Fidelity Bank, N.A., 305 N.J. Super. 510, 525 (App. Div. 1997) (quoting Michaels v. Brookchester, Inc., 26 N.J. 379, 387, 140 A.2d 199 (1958). Here, the parties disagree over what they intended the "conclusion of the litigation" to mean upon execution of the Retainer Agreement in 1993. Neither party has submitted sufficient evidence to overcome this issue to warrant taking the decision away from a jury.

### 2.     The date Donovan allegedly breached the Retainer Agreement.

With respect to the second part of the Court's analysis – when Donovan allegedly breached the contract – neither Peck nor Donovan has argued or proven that the breach of contract occurred either prior to, or after, November 15, 2001. Even if litigation had concluded before that date for purposes of the Retainer Agreement, Peck's claim had yet to accrue until Donovan actually breached the contract. Although the Court indicated in its March 30th Opinion that Donovan could theoretically argue that accrual did not require an actual breach, the Court does not concern itself with this argument because Donovan has not made it, and because no evidence exists by which the Court could find a "constructive breach." Thus, Defendant's motion for summary judgment as to Count 1 and 2 is DENIED.

### IV.    Conclusion

For the reasons set forth above, Donovan's motion for summary judgment is denied. An appropriate Order accompanies this Opinion.

Dated: November 4, 2010                                    /s/ Jose L. Linares
                                                          United States District Judge